STATE EX REL. BENTLEY, Plaintiff, vs. HALL, Secretary of State, Defendant.

*June 10—July 8, 1922.*

*Constitutional law: Amendment to constitution: Independent propositions not to be joined: Erroneous publication.*

Upon the final adoption of a resolution presented at the 1919 session of the legislature proposing an amendment to the state constitution relating to the government of cities and villages (known as the "Home Rule" amendment), a second amendment forbidding certain municipal indebtedness was omitted. Both amendments, however, were filed by the secretary of state and published in the official state paper, but the legislature of 1921 approved only the home-rule clause. In an action to have it declared the duty of the secretary of state to submit the home-rule amendment to the electors in November, 1922, it is *held* that he was not required to submit the amendment, since the publication did not show the resolution actually adopted by the legislature and therefore did not substantially comply with art. XII, Const., relating to publication, and the resolution published gave notice that two independent propositions were to be voted on, contrary to the express provisions of sec. 1, art. XII, Const.

ORIGINAL ACTION in this court. *Complaint dismissed.*

In the legislative session of the year 1919 a joint resolution was presented entitled "To amend section 3 of article XI of the constitution, relating to powers of cities and villages." (Such section is entitled in the constitution "Munic-

ipalities and their indebtedness," but no point is made here on account of such difference in designation.)

The joint resolution so originally presented proposed two amendments: one (designated as the home-rule provision) to so alter the first sentence of such section so that the same should read: "Cities and villages organized pursuant to state law are hereby empowered to determine their local affairs and government, subject only to this constitution and to such enactments of the legislature of state-wide concern as shall with uniformity affect every city or every village. The method of such determination shall be prescribed by the legislature;" the second proposed to insert in the same section wherein is found a provision forbidding municipal indebtedness exceeding five per centum on the value of the taxable property in any such municipality, the following: "Except that for the purpose of acquiring public-service properties an additional indebtedness may be incurred not exceeding another five per centum." Certain verbal changes were made by such resolution but are not material here for consideration.

By subsequent amendment the second of such proposed changes was omitted from the joint resolution, and the so-called home-rule amendment alone appeared therein as it was finally adopted.

Through error, however, the original resolution containing both of such proposed changes was enrolled and filed in the office of the defendant, the secretary of state, as though it were the one actually adopted. Such erroneous form of resolution so containing both of such proposed changes was published in the Capital Times, the paper designated for such purpose, and in the usual manner, for three months prior to the general election in 1920. In the following session ch. 479 of the Laws of 1921 provided:

"An act to submit to the people an amendment to the constitution.

"Whereas, at the biennial session of the legislature of this state in the year 1919, an amendment to the constitu-

tion was proposed and agreed to by a majority of the members elected to each of the two houses, which proposed amendment was in the following language:"

Then followed a recital of the resolution as it was actually passed at the preceding legislature containing only the change as to home rule and omitting the clause as to the increased debt limit. Said ch. 479 then proceeded:

"And whereas, the foregoing proposed amendment to the constitution of this state has been approved and agreed to by the legislature thereof at the biennial session of 1921 by a majority of all the members elected to each house thereof, . . ."

Then followed a provision in the usual form requiring the submission of such proposed amendment to the people at the general election in November, 1922, and providing that, if the people shall approve and ratify said amendment by a majority, such amendment so ratified shall become a part of the constitution of this state.

Subsequently the secretary of state was advised by the attorney general that the fact of the error made in certifying, as above stated, to the secretary of state the resolution passed in the session of 1919 made the publication of such erroneous form of the resolution insufficient to meet the constitutional requirements regarding amendments to the constitution. Thereupon and for that reason the defendant, the secretary of state, announced that he could not properly comply with the apparent direction of said ch. 479 of the Laws of 1921, *supra.* Then the plaintiff, as a citizen and taxpayer, and upon leave for that purpose having been granted, commenced this action herein to have it declared to be the duty of said defendant as secretary of state to nevertheless submit such proposed constitutional amendment as to home rule to the electors of the state at the general election in November, 1922.

For the plaintiff there was a brief by *Charles W. Babcock,* attorney, and *Robert N. McMynn, Henry H. Otjen, John W. McMillan, Sam T. Swansen,* and *Eugene L. McIntyre,*

all of Milwaukee, of counsel, and oral argument by *Mr. Babcock.*

For the defendant there were briefs by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

ESCHWEILER, J.    The method of amending the constitution of this state is provided for in art. XII, Const.   Any amendment proposed in either house of the legislature and agreed to by a majority of the members elected to each of the two houses shall be entered on the journals of the respective houses with the yeas and nays taken thereon, and referred to the legislature to be chosen at the next general election, and *shall be published for three months previous to the time of holding such election.*   It further provides that, if such proposed amendment shall be agreed to at the subsequent session by a majority of the members elected to each house, it shall then be submitted to the people.

A further material part of such article reads as follows:

"Provided, that if more than one amendment be submitted they shall be submitted in such manner that the people may vote for or against such amendments separately."

No question is here raised, and none can well be, that the resolution as originally presented in 1919, embodying as it did two separate and independent propositions, one relating to more extended local government or home rule for municipalities, and the other to a proposed increase of the municipal debt limit, could not have been submitted in such double form to the people to be voted upon, in view of the clause last above quoted from art. XII, Const.   Manifestly the required publication of the action by the legislature at which any such proposed amendment is first adopted is vital and material and must be as substantially followed as any other condition or requirement in said art. XII.   It is apparent, therefore, that that which was published in 1920

at the close of the 1919 session was not the resolution actually adopted by the two houses of the legislature, and as it was published was not what the legislature actually did. The resolution as published gave as much notice to the citizens that the resolution proposed was to amend the constitution by increasing the municipal debt limit as it gave notice that it was proposed to give home rule to cities. If, therefore, so much of the published resolution referring to the debt limit should be considered as mere surplusage as to the home-rule provision, and this is the position taken by plaintiff, then it would be equally valid and logical to consider the home-rule provision as mere surplusage to the debt-limit provision, and the result would be a nullification of each provision.

The notice given by the publication of the resolution as mistakenly enrolled and certified cannot therefore be considered as a substantial compliance with the constitutional directions for amendments to such a fundamental document.

This subject of constitutional amendment has been fully discussed in *State ex rel. Postel v. Marcus,* 160 Wis. 354, 152 N. W. 419; *State ex rel. Owen v. Donald,* 160 Wis. 21, 53–58, 151 N. W. 331; *State ex rel. Hudd v. Timme,* 54 Wis. 318, 332, 11 N. W. 785, and we deem it unnecessary to add anything more to what was there said as to the necessity of there being a substantial compliance with the constitutional requirements.

The defendant was fully warranted in acting as he did upon his conclusion that the proposed amendment to the constitution for municipal home rule had not as yet reached the proper stage requiring its submission to the electors at the coming general election, and therefore this action must be dismissed.

We have not failed to consider other suggestions made or authorities cited and relied upon in plaintiff's brief, but do not deem it necessary to discuss them.

*By the Court.*—Complaint dismissed.